```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MICHAEL DOMINIC SIMEONE,        ) | |
|                                 ) | Civil Action |
|           Petitioner            ) | No. 06-CV-2014 |
|                                 ) | |
|    vs.                          ) | |
|                                 ) | |
| DAVID DIGUGLIELMO;              ) | |
| TOM CORBETT;                    ) | |
| THE DISTRICT ATTORNEY OF THE    ) | |
|   COUNTY OF BUCKS;              ) | |
| THE ATTORNEY GENERAL OF THE STATE ) | |
|   OF PENNSYLVANIA,              ) | |
|                                 ) | |
|           Respondents           ) | |

O R D E R

NOW, this 12th day of September, 2007, upon consideration of the following documents and pleadings:

1) Petition for Writ of Habeas Corpus, filed by petitioner pro se in the United States District Court for the Eastern District of Pennsylvania on May 12, 2006;

2) Petitioner's Memorandum of Law in Support of His Habeas Corpus Petition, which memorandum was filed on May 12, 2006;

3) Answer in Opposition to Petition for Writ of Habeas Corpus and Memorandum of Law in Support Thereof, which opposition was filed by respondents on June 19, 2006;

4) Petitioner's Counterclaim Motion in Objection to Respondent's Answer to Petitioner's Writ of Habeas Corpus and Memorandum of Law, which reply was filed on June 21, 2006;

5) Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells filed October 27, 2006;

>    6)   Petitioner's Counterclaim Motion in Objection to the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, which objection was filed November 7, 2006,[1]

it appearing that petitioner's Petition for Writ of Habeas Corpus is without merit; it further appearing that, after de novo review of this matter, Magistrate Judge Wells' Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

   IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells is approved and adopted.

   IT IS FURTHER ORDERED that petitioner's objections to the Report and Recommendation are overruled.[2]

---

[1]   Petitioner has raised three principal objections to the Report and Recommendation.  All three of these objections restate issues raised in his underlying petition for habeas corpus relief.

   First, petitioner avers that the failure to consider his claims on timeliness grounds will result in a miscarriage of justice because petitioner will have no recourse to remedy prejudicial constitutional errors.  Second, petitioner contends his right to a fair and impartial jury trial was violated when an Assistant District Attorney not involved with his case had an out-of-court conversation with a member of the jury prior to closing arguments.  Third, petitioner asserts that his petition is not time-barred because he has alleged that all his prior counsel provided constitutionally ineffective assistance.

[2]   When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

(Footnote 2 continued):

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief filed May 12, 2006 is dismissed without an evidentiary hearing.

---

(Continuation of footnote 2):

    Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

    I have considered petitioner's three objections to the Report and Recommendation and I conclude his objections are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.

    As Magistrate Judge Wells correctly concluded, the merits of petitioner's pro se petition for habeas corpus relief need not be considered because his claims are time-barred.  Petitioner had until April 24, 1997 to file his petition for habeas corpus, one year after the Antiterrorism and Effective Death Penalty Act of 1996 was signed into law.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's two petitions for post-conviction collateral relief under the Post-Conviction Relief Act ("PCRA"), filed on June 17, 1997 and September 14, 2004, respectively, were both untimely.  Thus, they did not statutorily toll petitioner's time to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 678-679 (2005).

    Magistrate Judge Wells also correctly concluded that petitioner has not demonstrated the requisite extraordinary circumstances or the reasonable diligence required for equitable tolling to preserve his claims.  See Merrit v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003)(internal citation omitted).  Contrary to petitioner's objection relating to tolling based on ineffective assistance of counsel, petitioner's ineffective assistance claim in no way relates to his delay in filing his PCRA petitions or his habeas corpus petition.  De Los Santos-Polanco v. Nish, Civ.A.No. 06-1679, 2006 WL 3366181, at *3 (E.D.Pa. November 16, 2006).

    Moreover, petitioner has failed to offer any new evidence of actual innocense which might permit this court to consider his miscarriage of justice claim.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  Schlup v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851, 861, 130 L.Ed.2d 808, 828-829 (1995).

    Accordingly, I approve and adopt Magistrate Judge Wells' Report and Recommendation and overrule petitioner's objections.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, or establish that reasonable jurists would disagree with this court's disposition of his claim, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge